UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLOS LATWAIN HARRIS,

                Petitioner,                Case No. 1:10-cv-18

v.                                               Honorable Paul L. Maloney

MARY BERGHUIS,

                Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.  Factual allegations

Petitioner Karlos Latwain Harris presently is incarcerated at the Pine River Correctional Facility. He currently is serving a variety of sentences for five convictions between February 15, 2000 and April 28, 2009. In his amended petition, he challenges his most recent conviction and sentence, imposed by the Washtenaw County Circuit Court on April 28, 2009, after Petitioner pleaded guilty as a fourth felony offender, MICH. COMP. LAWS § 769.12, to breaking and entering a building with intent to commit a felony, MICH. COMP. LAWS § 750.110. Petitioner's term of sentence on the offense is one year and seven months to ten years.

Petitioner purports to raise fourteen grounds that he believes would entitle him to habeas relief: (1) lack of jurisdiction; (2) lack of in rem jurisdiction; (3) lack of subject matter jurisdiction; (4) denial of substantive due process; (5) denial of equal protection; (6) deprivation of liberty interest in immunity; (7) deprivation of liberty interest in enforcing a foreign trust; (8) deprivation of liberty interest in not being enslaved; (9) deprivation of liberty interest in being free from cruel and inhuman treatment; (10) deprivation of liberty interest in exercising the powers reserved by human beings; (11) deprivation of security interest in trust collateral; (12) abuse of discretion; (13) denial of a fair trial; and (14) breach of trust.

According to his habeas application, Petitioner has not yet appealed his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court.

II.  Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he has not filed an appeal of his conviction in either the court of appeals or supreme court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has more than one available procedure by which to raise the issues he has presented in this application. First, he may file an application for leave to appeal his conviction and sentence in the Michigan Court of Appeals until one year from the date of his judgment of conviction, or until April 28, 2010. Thereafter, he may seek leave to appeal in the Michigan Supreme Court. Second, after his appeal or the expiration of his time to seek leave to appeal, he may file a motion for relief from judgment

in the Washtenaw County Circuit Court under MICH. CT. R. 6.500 *et seq.*, and he may seek leave to appeal the circuit court's determination in both the court of appeals and supreme court. Therefore, the Court concludes that he has more than one available state remedy.

Before dismissing an unexhausted petition, the Court considers whether a dismissal without prejudice could potentially result in a future habeas challenge being barred by the statute of limitations provided in 28 U.S.C. § 2244(d)(1). *See Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure in cases where dismissal could jeopardize a subsequent timely habeas filing); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner has not yet sought leave to appeal his conviction to the court of appeals, but the time for filing a delayed application for leave to appeal has not yet expired. His statute of limitations therefore has not yet begun to run. *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."). As a result, even if Petitioner fails to seek leave to appeal his conviction, the earliest date his period of limitations could begin to run is April 28, 2010, the day his time for seeking appellate review expires. Accordingly, the earliest his statute of limitations could expire is April 28, 2011. Petitioner therefore is in no danger of running afoul of the statute of limitations, as long as he diligently pursues his available state-court remedies.

In sum, because Petitioner has failed to exhaust his state-court remedies, this action will be dismissed without prejudice.[1]

---

[1] Also pending is Petitioner's motion for bond pending decision on his habeas application (docket #7). In light of the Court's disposition of the petition, the motion for bond will be denied as moot.

**Conclusion**

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies and will deny Petitioner's motion for bond.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.

Dated: March 5, 2010  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge